## PRESUMPTION OF LEGALITY OF PAYMENTS BY MUNICIPALITY FOR NECESSARY SERVICES.

Court of Appeals for Huron County.

CITY OF NORWALK v. R. L. CHRISTIAN.

Decided, April 15, 1916.

*Municipal Corporations—Payments to City Clerk for Serving Notices of Improvements—Bills of Exceptions—Failure to Use Language Showing That all the Evidence is Incorporated Therein—Careless Use of the Word "Testimony" in the Place of "Evidence."*

In the absence of any allegation of fraud or collusion, a presumption arises that payments made by a municipality for services were regular and duly authorized, and where the payments were such as the city should have made and the persons receiving them were fairly entitled to what they received, an action can not be maintained by the city for recovery back of the amounts so paid, on the bare allegation that no ordinance "appears" to have authorized such payments.

*Edward C. Turner,* Attorney-General, *R. D. Wickham* and *Charles Follett,* for plaintiff in error.
*L. W. Wickham,* contra.

KINKADE, J.

The city brought an action in the justice court to recover the sum of $70, being the amount of certain fees paid by the city to the clerk of the council for serving improvement notices. The petition is based upon a report filed by the bureau of inspection and supervision of public offices, with the state auditor. It sets forth the portion of the report so filed showing amounts due that aggregate the amount claimed in the petition. In this report set out in the petition is found the statement that "The records of the council do not show that council ever fixed any compensation for serving notices, and in the absence of an ordinance or resolution passed by the council under Section 4214, G. C., fixing the compensation, the mere fact that appropriations have been made does not comply with the requirements of the

law as provided by said section." A demurrer was filed to this petition, which was overruled, after which an answer was filed by the defendant, admitting that the plaintiff is a municipal corporation, and that the defendant during the time covered in the petition was the duly elected, qualified and acting clerk of the city of Norwalk, and denying all other allegations. On the trial of the case, over objection of counsel for the defendant, the report of the bureau of accounts was offered in evidence, and thereupon the auditor of the city was called and examined as a witness, whereupon the plaintiff rested its case. On motion of the defendant the court directed the jury to return a verdict in favor of the defendant. This action of the court is assigned as error. The case has been very fully presented on both sides by briefs.

We find no statement in the bill of exceptions that the bill contains all the evidence. The statement at the beginning of the bill is as follows: "The plaintiff to maintain the issues on its part to be maintained called the following witness and offered the following testimony, all of which is hereinafter fully set out." It will be observed that this statement only goes to the length of stating that the bill contains the testimony that the bill contains. It does not say that it contains all the testimony that was offered at the trial. It would have been quite evident without a statement at all, that the bill contains what it does contain, and that is all that is said by the statement quoted. It has been several times held by this court that the use of the word "testimony" in this connection is not sufficient. The word "testimony" has reference to the oral testimony of witnesses on the stand. The word "evidence" is of much broader significance and includes the testimony of witnesses and all other evidence in whatever form offered in the case. This statement in the bill would be quite insufficient if it said that it contained all the testimony, which it does not. It is more insufficient in failing to state, as it does, that it contains all the evidence. This being the state of the record, we might content ourselves with affirming the judgment on the authority of *Regan* v. *McHugh,* 78 Ohio St., 326, which squarely holds that a reviewing court can not reverse a

judgment entered upon a verdict directed by the trial court, unless there is brought to the reviewing court all the evidence upon which such directed verdict was returned and judgment entered. Manifestly this decision was based upon the fact that every presumption of reguarity and validity attends the judgment of the trial court and the burden is carried by the plaintiff in error to show that the judgment is erroneous. If there may have been before the trial court such evidence as entirely justified the court in directing a verdict for the defendant, the reviewing court must presume, in the absence of a bill containing all the evidence, that such evidence was before the trial court.

We think, however, it is not necessary to rest the decision in this case upon the ground mentioned, alone. This was an action on the part of the city to recover money that had been paid to the clerk of the council for the serving of notices and the payments were made by the city treasurer upon warrants issued by the city auditor. It is said that the petition makes a *prima facie* showing that the council had not, prior to the time of the payment, passed an ordinance or adopted a resolution fixing the compensation to be paid to the clerk of the council for the serving of the notices in question, and that consequently the payment of compensation for the service mentioned was unauthorized by law. It is not stated in the petition, nor claimed in the brief, that the service was not performed, or that the amounts paid therefor were unreasonable, or that any fraud or bad faith was indulged in either by the auditor in issuing the warrant, or the treasurer in paying the same, or the clerk of the council in receiving the money upon the warrant. The sum total of the claim on the part of the plaintiff, even giving the language used the fullest scope that can be be claimed for it, is that the council had not, prior to the time of the payment, fixed by either ordinance or resolution the compensation to be paid. The fact is that the report of the bureau of supervision does not quite state this, but only states that the record fails to show any ordinance or resolution fixing the compensation; but, even conceding the language to have the scope that I have mentioned, the petition falls very far short of stating as a fact, even when

aided by the provisions of Section 286-1, G. C., that the council did not in fact authorize the payment of this amount to the clerk of the council prior to the drawing of the warrant by the auditor and the making of the payment by the treasurer pursuant to the warrant. The fact of the performance of the service and the payment being admitted, and there being no charge of bad faith or fraud, the situation is at once attended by the presumption that the public officials, the auditor and the treasurer, discharged their duties in a legal way and paid out the money of the city only after having received authority of the council so to do. It is not claimed by counsel for plaintiff that the city might not have legally paid the amounts in question to the clerk of the council for the service performed, had the city seen fit to fix in advance the amount of this compensation by ordinance or resolution of the council. We think the case falls squarely within the decision of the Supreme Court in *State* v. *Fronizer*, 77 Ohio St., 7.

The record clearly shows that the city has paid nothing but what it should have paid, and the defendant has received nothing but that which he was entitled to receive from the city, and, therefore, the verdict and judgment of the court of common pleas accomplished substantial justice and the judgment will be affirmed.

RICHARDS, J., and CHITTENDEN, J., concur.